IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WILLIAM APHONSO EMERSON, JR., #353574 | * * * | |
| Plaintiff, | * * | |
| v | * * | Civil Action No. PWG-15-2238 |
| JOHN COX, Esq., Prosecutor, Circuit Court Baltimore County | * * * | |
| Defendant. | * *** | |

## MEMORANDUM

On July 29, 2015, Plaintiff William Aphonso Emerson, Jr., an inmate at Eastern Correctional Institution in Westover, Maryland, filed this complaint, Compl., ECF No. 1, alleging what amounts to malicious prosecution pursuant to 28 U.S.C. § 1983, together with a motion to proceed in forma pauperis, ECF No. 2. I will grant Emerson's motion to proceed in forma pauperis, but because the Defendant is entitled to absolute prosecutorial immunity, I will dismiss the complaint.

Emerson claims that on October of 2009, Defendant John Cox, an Assistant State's Attorney in Baltimore County, knowingly used Emerson's expunged record of an arrest as evidence against him at trial. Emerson generally claims Cox's actions amount to malicious prosecution in violation of state and federal law and seeks $1,829,820 in damages and "whatever relief the Court deems fair and just." ECF No. 1. Emerson has also filed a copy of an expungement order issued by the Baltimore County Police Department on April 24, 2008. ECF No. 1-1. Emerson's financial statement demonstrates he is indigent, and the motion to proceed in forma pauperis will be granted for the purpose of preliminary screening of the complaint.

Emerson is proceeding under 28 U.S.C. §§ 1915 and 1915A, which permits an indigent litigant to commence an action in federal court without prepaying the filing fee. To protect against possible abuses of this privilege, the statute requires dismissal of a claims if it "is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii); *see also* 1915A(b)(1)-(2). The Court is mindful of its obligation to liberally construe the pleadings of *pro se* litigants such as Emerson, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and in evaluating a *pro se* complaint, a plaintiff's allegations are assumed to be true. *Id.* at 93-94 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Nonetheless, liberal construction does not mean that a court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985) (stating a district court need not "conjure up questions never squarely presented"). After screening the complaint in light of these considerations, I will dismiss the complaint.

Section 1983 creates a private right of action for any U.S. citizen seeking to remedy alleged constitutional violations. 42 U.S.C. § 1983. Under Section 1983:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Section 1983 does not create "substantive rights;" rather, it provides "a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver,* 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144, n.3 (1979)).

Judicial officials, such as judges and prosecutors, receive absolute immunity because they must be able to execute certain official duties without the constant fear of lawsuits. *See Stump v. Sparkman*, 435 U.S. 349, 362-63 (1978) (judicial immunity); *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976) (prosecutorial immunity). Absolute immunity for prosecutors attaches only in suits for money damages. *See, Pachtman*, 424 U.S. at 410; *Ex parte Young,* 209 U.S. 123, 159-163 (1908).

To determine whether an individual is entitled to absolute prosecutorial immunity, courts consider the functions performed by the official, rather than his title. *Forrester v. White*, 484 U.S. 219, 229 (1988). An official will receive immunity when his actions are prosecutorial in nature. *Pachtman*, 424 U.S. at 410. Generally, prosecutorial functions are those that are "intimately associated with the judicial phase of the criminal process." *Id.* at 430. Thus, when a prosecutor is working "within the scope of his duties in initiating and pursuing a criminal prosecution," he remains within the ambit of absolute immunity. *Id.* at 410. The prosecutor performs his functions "under the watchful eye of the judge and in the shadow of the ever-present possibility of judge-imposed sanctions." *Dababnah v. Keller-Burnside*, 208 F.3d 467, 471 (4th Cir. 2000) (quoting *Marrero v. City of Hialeah*, 625 F.2d 499, 509 (5th Cir. 1980)). In this way, attaching absolute immunity to these functions thus does not protect the prosecutor at the expense of individual rights and liberties. *See id.*

In this case, Emerson is complaining about Cox's actions that are well within the scope of a prosecutor's functions. Introduction of evidence at trial by the prosecutor is integral to the

judicial phase of the criminal process and falls squarely within the ambit of absolute immunity. Consequently, this case will be dismissed pursuant to 28 U.S.C. §§ 1915, 1915A. It is important to note too, that apart from Emerson's conclusory assertion that Cox knew the arrest had been expunged, he advances no facts to substantiate that Cox was aware of the expungement or introduced evidence of the arrest with malicious or wrongful intent. Furthermore, Emerson fails to identify the case number or outcome of the October of 2009, trial where the evidence is alleged to have been introduced.[1]

Assuming arguendo prosecutorial immunity did not attach, Emerson's claims are likely time-barred. The statute of limitations applied in actions brought under 42 U.S.C. § 1983 is the statute of limitations for personal injury torts. *Wilson v. Garcia*, 471 U.S. 261, 266-69 (1985); *Jersey Heights Neighborhood Ass'n v. Glendening*, 174 F.3d 180, 187 (4th Cir. 1999). In Maryland, the general three-year statute of limitations applies to these causes of action. Md. Code Ann., Cts. & Jud. Proc. § 5-101; *see also Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951, 955 (4th Cir. 1995). Federal law governs the question of when the cause of action accrues under 42 U.S.C. § 1983. *See Wallace v. Kato*, 549 U.S. 384, 388 (2007). Generally speaking, the running of the statute of limitations begins when a plaintiff knows or has reason to know of his injury. *Id.* at 391. Here, Emerson's cause of action appears to have arisen more than five years ago during his trial in 2009. Notably, Emerson does not address or offer reasons to excuse his belated filing of his claims.

Accordingly, the Court determines the complaint must be dismissed pursuant to 28 U.S.C. §§ 1915, 1915A. A separate Order follows.

---

[1] The case is not apparent after examination of Maryland's electronic docket system. *See* http://casesearch.courts.state.md.us/casesearch/inquirySearch.jis.


_0901 2015_
Date

_____
Paul W. Grimm
United States District Judge